STATE OF IOWA v. WILLIAM BURNS and MARTIN ROBINSON, Appellants.

**Indictment for Burglary: SUFFICIENCY.** An indictment for burglary alleged that a person named owned the building; that goods, chattels, and property were "then and there in said building found;" that these belonged to him; and that the breaking and entering was with intent to steal. *Held*, that the inference is clear that the goods, chattels, and property were kept there "for use, sale, or deposit," within Code, section 4791, defining the offense, and the indictment was sufficient.

**PLEA AND PROOF:** *Variance.* Under an indictment for burglary, alleging that defendants entered a *building* used as a printing office, with intent to steal, proof that they entered the printing office, and passed through a partition door into a postoffice, for which the building was also used, from which they took money and stamps, was sufficient.

**EVIDENCE OF OWNERSHIP.** Evidence that one was rightfully possessed of property is sufficient proof that he owned it, as alleged in an indictment for burglary.

*Appeal from Buena Vista District Court.*—HON. F. H. HELSELL, Judge.

FRIDAY, OCTOBER 20, 1899.

The defendants having been convicted of burglary, appeal.—*Affirmed.*

*James Deland* and *T. Higgs* for appellants.

*Milton Remley,* Attorney General, and *Charles A. Van Vleck* for the State.

LADD, J.—The indictment charges that the defendants "a certain frame building, to-wit, a printing office, of Lars Bladine, there situated, in the nighttime of the same day, then and there unlawfully, feloniously, and burglariously

did break and enter, with intent, then and there, the personal goods, chattels, and, property of said Lars Bladine, then and there in said building found, and then and there ulawfully and feloniously and burglariously to steal, take, and carry away." It is insisted that, in omitting to allege the building was one in which goods, merchandise, or valuable things were kept for use, sale, or deposit, the indictment failed to charge a crime. Section 4791 of the Code reads: "If any person, with intent to commit any public offense, in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat or vessel or any building in which any goods, merchandise or valuable things are kept for use, sale or deposit,"—he shall be punished accordingly.

At the common law, to break and enter a building, other than a mansion or dwelling house, was not burglary; nor is it under the above statute unless the enumerated articles are kept therein for the purposes defined. The particular use to which the building is put, then, is of the essence of the crime. This is emphasized by the fact that the breafking and entering need not be to commit larceny, but any public offense. If the facts averred in the indictment were proven, would a jury be warranted in convicting the defendants of the offense denounced by the statute? It is alleged that Bladine owned the building; that goods, chattels, and property were "then and there in said building found"; that these belonged to him; and that the breaking and entering was with intent to steal. If goods were in the building, belonging to the owner, for what conceivable purpose did he keep them, save for use, sale, or deposit? Would a jury or court be warranted in drawing any other inference? We think proofs of the facts averred in the indictment quite sufficient to justify a conviction of the offense described in the statute quoted. The indictment, then, is not vulnerable to exception. In *Lee v. State,* 56 Ga.

477, it was said: "If the indictment had alleged that, after entering, the defendant had stolen therefrom anything of value, it would have been sufficient, for it would have showed it contained that thing of value." In *Sullivan v. State,* 13 Tex. App. 464, "then and there found" was construed to be a sufficient allegation that goods were kept in the house. *Crawford v. State,* 44 Ala. 382, is not in conflict with our conclusion, as there, under a statute like that of this state, the indictment condemned contained no reference to the contents of the building. The better opinion seems to be that where the statute describes a house or building as one containing goods, etc., it is sufficient if the specification may fairly be inferred from the words of the indictment. 8 Enc. Pl. & Prac. 751.

II.   Evidence of rightful possession of the property stolen by Bladine was sufficient proof of ownership, under that averment of the indictment. *State v. Watson,* 102 .Iowa, 653. The defendants were accused of entering a building used as a printing office. It was also used as a postoffice. The burglars must have entered the printing office, and from there passed through the partition door into the postoffice, from which they took money and stamps. It is said that, as they entered the one to commit a public offense in the other, they were not guilty of the particular crime charged. The building, however, and not a particular room, is described in the indictment as the printing office, and, as the post office was merely in one of the rooms, the purpose to steal from that was to do so in the building. We discover no error in the record, and the judgment is AFFIRMED.