STATE OF IOWA v. WILLIAM FERGUSON, Appellant.

**Burglary:** INDICTMENT: SUFFICIENCY. In this prosecution for burglary the indictment alleging that accused broke and entered the ticket office of the railway company with intent to steal property therein was not defective as failing to allege ownership of the property, as ownership will be inferred from the allegation of possession of the office. Nor was it necessary to allege that the railway company is a corporation, as the name imports that fact. Nor was it necessary to allege that the company was organized under the law of any particular state.

**Same.** Under the statute relating to breaking and entering a dwelling house, office, shop, etc., an indictment charging that the building broken into was an office of a designated railway company was sufficient, even though the office was located within the depot.

**Same:** EVIDENCE. In this prosecution it appears that defendant entered the waiting room of the depot through an open door and opened a widow of the ticket office, entered the office thereby and took therefrom certain money. *Held,* that the offense was burglary.

**Same:** INDICTMENT: DESCRIPTION OF PROPERTY STOLEN. An indictment charging that defendant broke and entered an office with intent to steal money therein need not allege that the money stolen was lawful money, as the essence of the offense is the breaking and entering. And even on a charge for larceny it would be sufficient to allege that the property stolen was money, without a more specific description.

**Indeterminate sentence:** CONSTITUTIONAL LAW. The constitutionality of the indeterminate sentence statute is again affirmed in this action.

*Appeal from Sac District Court.*—HON. F. M. POWERS, Judge.

TUESDAY, DECEMBER 13, 1910.

Defendant was indicted, tried, and convicted of the crime of burglary, and from the judgment imposed appeals.—*Affirmed.*

*William Fergusen, pro se.*

H. W. *Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

DEEMER, C. J.—The indictment reads as follows: "On the 23d day of November in the year of our Lord one thousand nine hundred and nine in the county of Sac in the state of Iowa, did unlawfully, feloniously, and burglariously break and enter a certain office, to wit, the ticket office of

the Chicago, Milwaukee & Saint Paul Railway Company in Sac City in the county aforesaid, in which said office there was then and there kept for use valuable things, to wit, money, with the specific intent then and there unlawfully, feloniously, and burglariously to steal, take, and carry away of the property of the said Chicago, Milwaukee & Saint Paul Railway Company, the money, then and there being kept for use as aforesaid contrary to and in violation of law."

It is contended that it is insufficient, in that it does not sufficiently allege the ownership of the property. There is no merit in this contention. It is charged that the office broken into and entered was the ticket office of the railway company in Sac City in which said railway kept its property. It was unnecessary to allege that the railway company was a corporation, for the name sufficiently imports that such is the case. Nor was it necessary to state that it was organized under the laws of any state or nation. Indeed, it need not be more than a *de facto* corporation. Possession of the ticket office by the company is sufficiently alleged, and from this ownership will be presumed if that be necessary. This exact point is ruled by *State v. Watson*, 102 Iowa, 651; *State v. Burns,* 109 Iowa, 436; *State v. Rivers,* 68 Iowa, 611.

1. BURGLARY: indictment: sufficiency.

The statute under which the indictment was found reads as follows: "If any person, with intent to commit any public offense, in the daytime break and enter, or in the nighttime enter without breaking, any dwelling house; or at any time break and enter any office, shop, store, warehouse, railroad car, boat or vessel or any building in which any goods, merchandise, or valuable things are kept for use, sale or deposit, he shall be imprisoned," etc. Code, section 4792. The indictment was sufficient in that it charged that the building broken was an office, etc. It need not appear that this office was

2. SAME.

an independent building, for it is well known that it is burglary for one to break and enter an inner door or window, although the culprit entered through an open outer door; and in such cases the breaking is held to be of the house itself. *People v. Young,* 65 Cal. 225 (3 Pac. 813); *Daniels v. State,* 78 Ga. 98 (6 Am. St. Rep. 238); *State v. Scripture,* 42 N. H. 485. The *Daniels* case, *supra,* is exactly in point.

II. The testimony shows that defendant entered the waiting room of the railway company through an open door, that he pried open the window of the ticket office, entered 

3. SAME: evidence. and broke open the money order drawer, and took therefrom money to the amount of $5.40. The railway agent was away at supper, and when he returned and entered the ticket office he saw the defendant leaving by way of the window he had pried open. This ticket office occupied the center of the depot building, extending for the full width of the building and dividing it into three parts, to wit, the ladies' waiting room, the gentlemen's waiting room, and the ticket office. The walls of the ticket office were of brick, and they extended from the floor to the ceiling of the room. Entrance thereto was provided by doors, and there was also a window therein which defendant pried open. That such acts constitute burglary is too clear for argument.

III. It is also claimed that the indictment is insufficient because it did not charge that the money kept in the building was lawful money. As the offense is against the building, it was not necessary to allege 

4. SAME: indictment: description of property stolen. that the money was lawful money. Indeed, were the crime charged larceny, it would be sufficient to allege that the property taken was money, without more particular description. *State v. Alverson,* 105 Iowa, 152; *Whitson v. State,* 160 Ind. 510.

IV. Defendant also challenges the constitutionality

of the indeterminate sentence law under which he was sentenced. Since this appeal was taken, we have in at least two cases declared the law constitutional. *State v. Duff*, 144 Iowa, 142; *State v. Farrel* (Iowa), 123 N. W. 1018. No sufficient reason is given for receding from the views therein expressed.

5. INDETERMINATE SENTENCE: constitutional law.

No error appears, and the judgment must be, and it is, *affirmed.*