**STATE of Iowa, Appellee,**

v.

**Clarence Duane SMITH, Appellant.**

**No. 64720.**

Supreme Court of Iowa.

Aug. 26, 1981.

Martha Shepard, Polk County-Des Moines Offender Advocate Office, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen. and Dan Johnston, County Atty., for appellee.

Considered by LeGRAND, P. J., and McCORMICK, ALLBEE, McGIVERIN and SCHULTZ, JJ.

LeGRAND, Justice.

In this appeal defendant challenges his conviction for two crimes—terrorism and second-degree burglary—arising out of the same event. We affirm the convictions, but we vacate the sentences and remand the cause for resentencing.

The evidence shows that defendant entered a hospital room occupied by Patricia Girton at Mercy Hospital in Des Moines in the early morning of January 15, 1979. At that time she was a patient awaiting surgery. At approximately 3:30 a. m., she was awakened by defendant who pinned her hands to the bed, threatened her, and ordered her to remove her clothing. Ms. Girton testified she believed defendant had a knife although she did not see one. Defendant told her she was going to have her surgery "now."

Ms. Girton struggled with defendant, managed to summon a nurse, and defendant was escorted from the room. He was arrested and charged with the crime of terrorism (§ 708.6, Supplement to The Code 1977) and burglary (§§ 713.1–.3, Supplement to The Code 1977).

Defendant's defense was that he was looking for his girlfriend, Patricia Williams, who was in Room 425, and had entered Ms. Girton's room by mistake. Ms. Girton was in Room 422. The evidence shows there was no Room 425 in the hospital nor was there a patient named Patricia Williams.

Defendant asserts three errors:

1. Admitting hearsay testimony.

2. Refusing to submit assault as an included offense of the crime of terrorism.

3. Failing to state reasons for the sentences and imposing consecutive, rather than concurrent, sentences for the two crimes.

I. *Hearsay Testimony.* This issue is over the testimony of David Klingeman, a hospital security guard. He was one of the persons called when defendant was discovered in Ms. Girton's room. After defendant said he was looking for Patricia Williams, Klingeman testified he checked with the information desk and was told there was no patient named Patricia Williams in the hospital. It is claimed Klingeman's testimony was hearsay and that it was prejudicial because it was important in establishing defendant's intent when he entered the room.

■ There is some question about whether defendant's objection to this testimony was either timely or adequate, but for purposes of this discussion we assume it was. We believe Klingeman's statement was hearsay. *State v. Horn*, 282 N.W.2d 717, 724 (Iowa 1979). However, we do not agree that its admission was prejudicial error. When defendant invaded the fourth floor, he asserts he was in search of Patricia Williams in Room 425. Sarah Dodge, a nurse's assistant, testified there was no such patient; nor was there any such room.

Klingeman's hearsay testimony was merely cumulative to the testimony already given by Sarah Dodge. *State v. Johnson,* 272 N.W.2d 480, 483 (Iowa 1978).

II. *Assault as Included Offense.* Terrorism is defined in section 708.6 as follows:

A person commits a class D felony when the person does any of the following with the intent to injure or provoke fear or anger in another:

1. Shoots, throws, launches, or discharges a dangerous weapon at or into any building, vehicle, airplane, railroad engine or railroad car, or boat occupied by another person, and thereby places the occupants in reasonable apprehension of serious injury.

2. Threatens to commit a forcible felony under circumstances raising a reasonable expectation that the threat will be carried out.

Terrorism may be committed in either of two ways according to the above statute. However, the state elected to specify it was committed under subsection 2. Proof is therefore limited to that alternative. *State v. Sangster,* 299 N.W.2d 661, 663 (Iowa 1980); *State v. Hochmuth,* 256 Iowa 442, 446–48, 127 N.W.2d 658, 659–60 (1964). For this case terrorism must be established by threatening "to commit a forcible felony under circumstances raising a reasonable expectation that the threat will be carried out." Defendant insists assault should have been submitted as an included offense of terrorism as thus defined.

The crime of assault is set out in section 708.1, Supplement to The Code 1977, as follows:

A person commits an assault when, without justification, the person does any of the following:

1. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.

2. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

3. Intentionally points any firearm toward another, or displays in a threatening manner any dangerous weapon toward another.

We have said assault is an included offense of terrorism when that crime is committed by the method described in subsection 1 of section 708.6. *See State v. Young,* 293 N.W.2d 5, 7 (Iowa 1980). The question left undetermined in *Young* —whether assault is also an included offense when terrorism is committed as defined in subsection 2 of the statute—is now before us.

In *Sangster,* 299 N.W.2d at 663–64, we discussed the two-fold test, one legal and one factual, for determining when one crime is included within another. We quote from that opinion:

The standards for determining when an offense is included in another are the same now as when [*State v. Furnald,* 263 N.W.2d 751 (Iowa 1978)] was decided. The principles applied there apply here. Two tests must be satisfied:

The first is the legal or element test. The lesser offense must be composed *solely* of some but not all elements of the greater crime. The second, "factual" test is an ad hoc determination whether there is a factual basis in the record for submitting the included offense to the jury.

*Furnald,* 263 N.W.2d at 752.

To satisfy the legal test, the minor offense must be an elementary part of the major offense. *Id.* The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater without also committing the lesser. *State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976). If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater. This is because it would be possible in that situation to commit the greater without also having committed the lesser. *See* C. Wright,

*Federal Practice and Procedure* § 515 at 374–75 (1969).

■ Applying these principles to the present case, we hold the trial court was right in refusing to submit assault as an included offense of terrorism. This rests on our conclusion that assault requires some overt act supplementing the threat. *See* W. LaFave & A. Scott, *Handbook on Criminal Law* §§ 80–82 (1972); J. Miller, *Handbook of Criminal Law* § 98 (1934); 6A C.J.S., *Assault & Battery* § 23 (1963); Dunahoo, *The New Iowa Criminal Code: Part II*, 29 Drake L.Rev. 491, 498–99 (1980). On the other hand terrorism can be complete by merely making a threat under certain circumstances without any accompanying act. *State v. Jackson*, 305 N.W.2d 420, 422–23 (Iowa 1981). In *Jackson*, we held a written threat would support a conviction for terrorism under the subsection of the statute now before us. We said there:

> "Threaten" is defined as "to *utter* threats against"; "threat" is defined as "an *expression* of an intention to inflict evil, injury or damage on another." *Webster's Third New International Dictionary* 2382 (1976). . . .
>
> To convict an accused under the terrorism statute, the State must prove the person making the threat did so "with the intent to injure or provoke fear or anger in another," creating "a reasonable expectation that the threat will be carried out." (Emphasis in original).

*Jackson* is distinguished from the present case factually, but not on the dispositive legal point. There is no difference between *Jackson's* written threat and the oral one made here. *Jackson* establishes, too, that the "circumstances" which the statute says must accompany the threat are merely such facts as will create a reasonable expectation that the threat will be carried out.

Under *Sangster* and *Jackson*, assault is not an included offense because it requires commission of an overt act, "an element not required" for terrorism committed under subsection 2 of section 708.6, The Code.

III. *Sentencing.* Defendant attacks the sentencing procedure on two grounds, one without merit and the other valid.

■ Defendant says first the court erred in imposing consecutive sentences. We decided this contrary to defendant in *State v. Criswell*, 242 N.W.2d 259, 260 (Iowa 1976). Since then section 901.8, The Code 1981, has replaced the section under which *Criswell* was sentenced (§ 789.12, The Code 1975). However, *Criswell* still stands as authority for the consecutive sentences imposed here.

■ Defendant next alleges the trial court erred in failing to state a reason for the sentences. We believe the defendant is correct. *See State v. Pierce*, 287 N.W.2d 570, 575 (Iowa 1980); *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). *See also* Iowa R.Crim.P. 22(3)(d). The state concedes error in this regard. The sentences must be vacated. This does not affect the convictions, which remain as rendered. The case is remanded only for resentencing.

AFFIRMED IN PART; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.