**STATE of Iowa, Plaintiff-Appellee,**

v.

**Carl Leroy LUX, Defendant-Appellant.**

**No. 65189.**

Court of Appeals of Iowa.

Nov. 24, 1981.

Patrick J. Kelly, Davenport, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Michael Jordan, Asst. Atty. Gen., for plaintiff-appellee.

Submitted to OXBERGER, C. J., and DONIELSON, SNELL, CARTER and JOHNSON, JJ.

PER CURIAM.

Defendant appeals from his conviction for burglary in the first degree in violation of section 713.2, The Code, ànd interference with official acts in violation of section 719.1, The Code. The issues presented on appeal are as follows: 1) whether the evidence was insufficient to support a finding that defendant entered an occupied structure with the intent to commit a felony, assault or theft; 2) whether defendant was denied a fair trial by the prosecutor's statement during a rebuttal argument explaining why a different charge had not been filed; and 3) whether the jury should have been instructed on criminal trespass as a lesser included offense. We have examined each of these contentions in light of the trial record. We find no merit in the first two claims, but for reasons hereinafter stated, we agree with defendant's third contention that reversible error has been established with respect to the issue of lesser included offense.

■ I. In the present case, as in *State v. Sangster*, 299 N.W.2d 661 (Iowa 1980), the offense of criminal trespass under section 716.7(2)(a), The Code, meets the statutory test for a lesser included offense within the crime of burglary, as defined in section 713.1, The Code. While *Sangster* involved the charge of burglary in the second degree and the present case involves the charge of burglary in the first degree, the analysis of the statutory test contained in *Sangster* is equally applicable here.

■ The State concedes that the statutory test is satisfied but contends that in the present case there was no factual basis for submitting criminal trespass to the jury. We disagree. The proof of the intent with which defendant entered the victim's premises was entirely circumstantial. The State's allegations as to intent were not elevated to a verity by the evidence. Under said circumstances, the jury could have found a failure of proof of the intent necessary for burglary, but sufficient proof to establish the intent and other elements of criminal trespass. *Sangster*, 299 N.W.2d at 664.

The defendant specifically requested that the jury be permitted to consider criminal trespass as a lesser included offense and objected to the trial court's failure to embody such request in its instructions to the jury. The trial court's failure to grant this request was error.

■ In an effort to save reversal of the judgment, the State urges that any error in failing to submit a lesser offense is harmless. In support of this contention, it points to the fact that the jury was instructed on both burglary in the first degree and bur-

glary in the second degree and found defendant guilty of the greater offense. Given this circumstance, it is urged by the State that where a choice is given to select a lesser offense than that charged and the jury refuses to do so, no prejudice results from the failure to submit a still lesser charge. In *State v. Donelson*, 302 N.W.2d 125, 135 (Iowa 1981), it was clearly recognized that there are situations where this argument is untenable. In the present case, the differences in elements of the two offenses which were submitted (first and second degree burglary) and the elements of the lesser offense which was not submitted (criminal trespass) make the situation comparable to that presented in *Donelson*. The jury was given two alternatives when the evidence required that it be given three. The no harm claim advanced by the State is therefore without merit for the reasons more fully stated in *Donelson*.

II. We find no matter which has been assigned or argued which requires reversal of the judgment and sentence imposed on the charge of interference with official acts in violation of section 719.1, The Code, which was tried and submitted together with the burglary charge. Accordingly, the trial court's judgment and sentence on that charge is affirmed. The judgment and sentence imposed on the charge of burglary in the first degree is reversed and the cause remanded for a new trial on that charge.

AFFIRMED IN PART; REVERSED IN PART.