STATE of Iowa, Appellee,

v.

Terry Lee WALES, Appellant.

No. 64769.

Supreme Court of Iowa.

Oct. 27, 1982.

G. David Binegar, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and William E. Davis, Scott County Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and LARSON, JJ.

LeGRAND, Justice.

A jury convicted defendant of the crime of burglary in the second degree. He was sentenced to serve a term of not more than ten years in the penitentiary as provided in Iowa Code sections 902.3 and 902.9 (1979). His appeal alleges reversible error because the trial court refused to instruct on the lesser included offense of criminal trespass. We reverse and remand for a new trial.

This case was tried prior to our decision in *State v. Sangster,* 299 N.W.2d 661 (Iowa 1980), where we held criminal trespass, as alleged and proven to have been committed there, is an included offense of burglary in the second degree. Understandably, the trial court relied on *State v. Furnald,* 263 N.W.2d 751 (Iowa 1978).

In *Furnald,* based on the statutory definitions of burglary and criminal trespass in the Code of 1975, we held criminal trespass was *not* an included offense of burglary. Those sections have now been repealed and replaced by the new Iowa Criminal Code, which became effective January 1, 1978. Iowa Code section 713.1, defines burglary and, as relevant here, Iowa Code section 716.7(2)(a), defines criminal trespass. Thus, the different results in *Furnald* and *Sangster* stem from differences in the statutory

definitions before and after the adoption of the new criminal code in 1978. The principles announced in those two cases are nevertheless still applicable.

In *State v. Sangster,* 299 N.W.2d 661, 663 (Iowa 1980), we reiterated our adherence to the two-prong test for deciding if one offense is included within another:

> The standards for determining when an offense is included in another are the same now as when [*State v. Furnald,* 263 N.W.2d 751 (Iowa 1978)] was decided. The principles applied there apply here. Two tests must be satisfied:
>
> > The first is the legal or element test. The lesser offense must be composed *solely* of some but not all elements of the greater crime. The second, "factual" test is an ad hoc determination whether there is a factual basis in the record for submitting the included offense to the jury. *Furnald,* 263 N.W.2d at 752.
>
> To satisfy the legal test, the minor offense must be an elementary part of the major offense. *Id.* The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater without also committing the lesser. *State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976).

. . . .

> The elements of an offense are determined by the statute defining it rather than by the charge or the evidence. *Redmon,* 244 N.W.2d at 801. When the statute defines an offense alternatively, the relevant definition is the one for the offense involved in the particular prosecution. *State v. Young,* 293 N.W.2d 5, 7 (Iowa 1980); *Furnald,* 263 N.W.2d at 754.

With these principles in mind, we consider whether criminal trespass is an included offense of burglary under the circumstances of the instant case.

Burglary is defined in Iowa Code section 713.1, as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, [1] enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or [2] who remains there after it is closed to the public or after the person's right, license or privilege to be there has expired, or [3] any person having such intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

As is apparent from the statute, burglary may be committed in three alternative ways. We have held that these are disjunctive, not conjunctive. *State v. Newman,* 313 N.W.2d 484, 486 (Iowa 1981).

Criminal trespass, as relevant here, is defined in Iowa Code section 716.7(2) as follows:

> The term "trespass" shall mean one or more of the following acts:
>
> a. Entering upon or in property without justification or *without the implied or* actual permission of the owner, lessee, or person in lawful possession with the intent to commit a public offense or to use, remove therefrom, alter, damage, harass, or place thereon or therein anything animate or inanimate.

Although not required to do so, *State v. Hochmuth,* 256 Iowa 442, 445, 127 N.W.2d 658, 659 (1964), the State elected to allege the specific manner in which the defendant committed the crime of burglary. It charged defendant with two of the three alternatives in section 713.1 by accusing him of *breaking or entering* Tony's Country Place, a tavern in Davenport, with the requisite criminal intent and without permission or license to do so. Thus, defendant might have been found guilty of breaking (the third alternative in section 713.1); or he could have been convicted of entering the tavern (the first alternative in the statute defining the crime). We disregard the second alternative because the State did not elect to rely on it. *Sangster,* 299 N.W.2d at 663.

If the State had charged only that defendant had committed burglary by entering Tony's Country Place, criminal trespass would be an included offense under *Sangster*, 299 N.W.2d at 663–64. Here, however, the charge is that defendant was guilty of *either* entering or breaking. Under the "breaking" alternative, criminal trespass is not an included offense because all criminal trespass requires an *entering* upon the property, an element not required to commit burglary by breaking. Iowa Code § 716.7(2).

■ We face this problem then: When the burglary is alleged to have been committed in either of two ways, only one of which includes criminal trespass as a lesser included offense, and there is evidence to support a finding on either alternative, is defendant entitled to have the issue of lesser included offense submitted to the jury? We believe he is.

In *State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976), we committed ourselves to the statute-only definition for determining the elements of an included offense with this language:

> In the court's opinion the statutes and not the accusatory pleading or charge must establish the essential elements of the offense charged. We therefore hold the statutory or legal element test should be the sole approach in determining what are the elements of the offense charged and that the language of the information or indictment charging the crime has no bearing on that analysis.

■ *Redmon*, however, must be read in the context of other cases holding that the statutory definition of a crime may be limited by the State's charge. In other words, if the State elects to use only *part* of a statute in charging a public offense, then what the State charges *is* the statute for that case. *State v. Smith*, 309 N.W.2d 454, 456 (Iowa 1981); *Sangster*, 299 N.W.2d at 663–64; *State v. Young*, 293 N.W.2d 5, 7 (Iowa 1980).

■ Applying these principles to the present case, we conclude the trial court erred in refusing to instruct on criminal trespass as an included offense. The State relied on two of the three means of committing burglary. Under one finding (entering), defendant was entitled to have criminal trespass submitted as an included offense. Under the other (breaking), he was not.

We have no way of telling which alternative the jury adopted. There was evidence which supported either result. Under such circumstances, we hold defendant was entitled to have criminal trespass submitted as an included offense. *Cf. State v. Means*, 211 N.W.2d 283, 285 (Iowa 1973) (conviction reversed because impossible to tell which of two grounds jury decided on when one was without evidentiary support).

■ We recognize that the rule we adopt in this case is contrary to the analysis employed in *State v. Law*, 306 N.W.2d 756, 759 (Iowa 1981). In *Law*, we were faced with the question whether assault as defined in section 708.1 is a lesser included offense of either of the two first-degree robbery alternatives delineated in section 711.1(2). We said:

> Where the offense being prosecuted [robbery under Iowa Code section 711.-1(2)] may be committed in alternative ways, and one alternative clearly does not involve the lesser offense, the lesser offense is not necessarily included in the greater.

We now hold that when more than one statutory alternative of the major offense is submitted to the jury, and one of the alternatives includes a lesser offense, the defendant is entitled to have the lesser offense submitted as to that alternative, if the factual test for its submission is also satisfied. The problem with the analysis in *Law* is that if assault were a lesser included offense of either robbery offense, the defendant would be deprived of his right to have the lesser charge presented as an option for jury consideration. For this reason we now disapprove the analysis used in *Law*.

This, however, does not affect the result in *Law*. As held there, assault is not a

necessarily included offense in the first robbery alternative in section 711.1(2). *Id.* at 759. It would not necessarily be included in the second alternative either. Assault as defined in section 708.1 requires an overt act, but an overt act would not be necessary to "[put] another in fear of immediate serious injury." *See State v. Smith,* 309 N.W.2d 454 (Iowa 1981). Thus assault does not meet the legal test as a necessarily included offense under either robbery offense.

In view of the fact there must be a new trial, we need not rule on defendant's objection concerning a trial court ruling permitting a portion of the testimony to be read to the jury at its request. That matter is not likely to arise again.

REVERSED AND REMANDED.