**STATE of Iowa, Appellee,**

v.

**Hawal JOHNSON, Appellant.**

No. 66690.

Supreme Court of Iowa.

Jan. 19, 1983.

Chris T. Odell, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Dan Johnston, Polk County Atty., for appellee.

Considered by REYNOLDSON, C.J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

Rejecting requests by both the prosecutor (who, when prodded by the trial court, withdrew the request) and defense counsel, the trial court refused to submit assault, Iowa Code § 708.1 (1981), as a lesser included offense of robbery, § 711.1. Following his conviction of second degree robbery, § 711.3, defendant brought this appeal in which he challenges the omission. We reverse the trial court and remand the case for a new trial.

Defendant entered a convenience store in Des Moines on October 25, 1980. Posing as a routine customer he waited until a patron left, then walked behind the counter, hit the cashier in the face with his fist, and demanded money from the cash drawer. After the contents of the cash register were surrendered he ordered the cashier to get down on the floor and left. The cashier thought defendant had a gun because one hand remained behind his back. Police were called and the cashier was later able to identify defendant's picture at the police station.

I. Our review is on error. Iowa R.App.P. 4. It is the duty of the trial court to instruct the jury on all lesser included offenses. Iowa R.Crim.P. 6(3). Whether one offense is included within another is a question of law. *See State v. Wales,* 325 N.W.2d 87, 88 (Iowa 1982). We employ a two-prong test. The first is a legal or elements test; the second is a factual test. *State v. Sangster,* 299 N.W.2d 661, 663 (Iowa 1980). A special question arises where, as here, the major offense may be committed in either of two ways, only one of which includes a lesser offense and there is evidence to support a finding on either alternative.

II. Defendant here was charged alternatively in two of the three ways our statute provides for robbery. The section provides:

A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:

1. Commits an assault upon another.
2. Threatens another with or purposely puts another in fear of immediate serious injury.
3. Threatens to commit immediately any forcible felony.

It is immaterial to the question of guilt or innocence of robbery that property was or was not actually stolen.

§ 711.1.

Under the evidence defendant could have been convicted of robbery either

by an assault (§ 711.1(1) ) or by threat or fear (§ 711.1(2) ). There was evidence to support either theory. Under § 711.1(1), assault is a lesser included offense. It satisfies both parts of the two-prong test. On the other hand, under the threat or fear theory, § 711.1(2), assault may or may not occur. Hence assault does not meet the legal test for inclusion under section 711.-1(2) and is not, under that subsection, a lesser included offense of robbery. Nevertheless, because both the section 711.1(1) and section 711.1(2) alternatives were submitted to the jury, defendant was entitled to have the lesser included offense of assault submitted as to the section 711.1(1) charge. *Wales,* 325 N.W.2d at 89.

We should mention that the record establishes the second (factual basis) prong of the two-step test. *Sangster,* 299 N.W.2d at 663. There was ample evidence of an assault. Hence this case is distinguishable from *State v. Morgan,* 322 N.W.2d 68, 70 (Iowa 1982).

It was error for the trial court to refuse to submit the lesser included offense.

REVERSED AND REMANDED.