**STATE of Iowa, Plaintiff-Appellee,**

v.

**Robert Emil SWANSON,
Defendant-Appellant.**

No. 86–1667.

Court of Appeals of Iowa.

March 23, 1988.

serious injury upon another, and who causes bodily injury or disabling mental illness, is guilty of a serious misdemeanor." Defendant was charged with and tried on two counts of assault with intent to inflict a serious injury in violation of Iowa Code section 708.2(1). The counts under which defendant was charged, section 708.2(1), did not require the finding of bodily injury. The charge under which he was convicted, section 708.2(2), required bodily injury.

Defendant contends the court committed reversible error in submitting to the jury the charge on which he was convicted because it met neither the legal nor factual test for a lesser included offense.

The State first contends error was not preserved on this issue. We disagree. The trial court presented counsel with preliminary drafts of the instructions. Defendant objected to the inclusion of the lesser included offense. The court overruled defendant's objection. The court then said:

... subject to Mr. Sallen's objection to the court instructing on the lesser included offense are the instructions in satisfactory order as far as you are concerned?

Yes.

The State contends to preserve error the objection had to be made again. The trial court gave the instructions subject to defendant's objection. We find error was preserved.

The defendant claims the trial court erred in submitting the charges upon which he was convicted to the jury. Lesser offenses must be submitted to the jury as included within the charged offense but only if they meet both the appropriate legal and factual tests. *State v. Ware,* 338 N.W. 2d 707, 714 (Iowa 1983). In determining whether an offense is included, two tests must be satisfied. The first is the legal or element test. The lesser offense must be composed solely of some but not all elements of the greater crime. The second, "factual" test is an ad hoc determination whether there is a factual basis in the record for submitting the included offense

Charles L. Harrington, Appellate Defender, and B. John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Mark J. Zbieroski and Robert S. Glaser, Asst. Attys. Gen., for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT, and HABHAB, JJ.

SACKETT, Judge.

Defendant Robert Emil Swanson appeals his conviction of two counts of assault under Iowa Code section 708.2. The section provides "A person who commits an assault ..., without the intent to inflict a

to the jury. *State v. Sangster*, 299 N.W.2d 661, 663 (Iowa 1980); *State v. Furnald*, 263 N.W.2d 751, 752 (Iowa 1978).

To satisfy the legal test, the minor offense must be an elementary part of the major offense. *Sangster*, 299 N.W.2d at 663. The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater without also committing the lesser. *State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976). If the lesser offense contains an element not required for the greater offense, the lesser cannot be included in the greater. This is because it would be possible in that situation to commit the greater without also having committed the lesser. *See* 3 C. Wright, *Federal Practice and Procedure* § 515, at 21 (2d ed. 1982).

■ The lesser offense contains the element of battery not required for the greater offense. It therefore would be possible to commit the greater offense without committing the lesser offense. We agree with defendant's contention that section 708.2(2) is not a lesser included offense of section 708.2(1).

The State, however, argues the lesser included offense may be established by evidence adduced at trial in proof of the greater offense. Evidence was adduced that defendant caused bodily injury. The court in *Sangster*, 299 N.W.2d at 663, held the elements of an offense are "determined by the statute defining it rather than by the charge or the evidence." *Redmon*, 244 N.W.2d at 801. When the statute defines an offense alternatively, the relevant definition is the one for the offense involved in the particular prosecution. *State v. Young*, 293 N.W.2d 5, 7 (Iowa 1980); *Furnald*, 263 N.W.2d at 754. We therefore reject the State's argument.

REVERSED.

HAYDEN, P.J., concurs.

HABHAB, J., dissents.

HABHAB, Judge (dissenting).

I respectfully dissent. First and foremost, I concur with the majority that if we apply present day law to the facts of this case the trial court must be reversed. But I would support the State's suggestion that a less stringent approach to identifying a lesser-included offense be employed rather than the one now used in Iowa. In my view, if we adopted what is termed as the inherent relationship approach to identifying lesser-included offenses, which is used extensively in the federal courts, the aims of the criminal justice system might more often be achieved. "If a criminal avoids all responsibility for a crime due to a technicality, the safety of the community has been compromised; if a defendant suffers a harsher judgment than is warranted, justice has not been done." Ettinger, *In Search of a Reasoned Approach to the Lesser–Included Offense*, 50 Brooklyn L.Rev. 191, 194 (1984). I believe that the strict statutory standard we now use helps cause these two problems. I see the inherent relationship standard as a way to alleviate these problems.

The strict statutory approach has been criticized as too rigid and inflexible because it does not permit a fact finding to fit the verdict to the conduct proved. Ettinger, *In Search of a Reasoned Approach to the Lesser–Included Offense*, 50 Brooklyn L.Rev. 191 (1984); Note, *Criminal Law—Critique of Wisconsin's Lesser–Included Offense Rule*, 1979 Wis.L.Rev. 896; Comment, *The Lesser–Included Offense Doctrine in Iowa: The Gordian Knot Untied*, 59 Iowa L.Rev. 684 (1974). This case then presents the court with an opportunity to come to terms with the inflexible statutory approach for determining lesser-included offenses and put to rest the apparent inconsistencies resulting from its rigid application.

This rigid elemental test focuses on the statutes defining the offense and not the facts of the defendant's activity. I submit that if we apply the inherent relationship standard, assault causing bodily injury is a lesser-included offense of assault with intent to commit serious bodily injury. The particular facts of this case justify a lesser-included offense instruction even though the elemental relationship between the assault with intent to commit serious injury

and assault causing bodily injury does not arise through the applicable statutes. This is so for there is an "inherent" relationship between these offenses in that they relate to the protection of the same interest, and are so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense. *See United States v. Johnson*, 637 F.2d 1224, 1234–41 (9th Cir.1980).

This conclusion is fair for the defendant because he should not be convicted and punished more than once for conduct which may, because of statutory definition, be theorized as constituting separate criminal acts. This is also fundamentally fair for the State because "[i]n theory, the doctrine also allows the trier of fact to convict for the offense actually committed, rather than convicting or acquitting solely on the offense charged by the State." Comment, *The Lesser–Included Offense Doctrine in Iowa: The Gordian Knot Untied*, 59 Iowa L.Rev. 684, 684 (1974).

Those who have wrestled with the subtleties of the issue of actually identifying lesser-included offenses have described it as a "problem area," a doctrine "not without difficulty," and an area of "uncertainty" and "utter confusion." *Id.* at 685–87; *see United States v. Johnson*, 637 F.2d at 1233. The problem occurs in the application of the legal prong of Iowa's strict statutory standard. In applying that test mechanistically, a lesser offense would not be submitted if in any conceivable way the greater offense could be committed without committing the lesser offense, and this would be so even though the facts indicate that the lesser offense was committed.

Under the "inherent relationship" test, the lesser-included offense may be established by evidence adduced at trial as proof of the greater offense, with the following qualification:

[T]here must also be an "inherent" relationship between the greater and lesser offenses, i.e., they must relate to the protection of the same interest, and must be so related that in the general nature

of these crimes, though not necessarily invariably, proof of the lesser offenses is necessarily presented as part of the showing of the commission of the greater offense.

*United States v. Whitaker*, 447 F.2d 314, 319 (D.C.Cir.1971) (calling the strict statutory approach "mechanistic" and adopting an "inherent relationship test" for determining whether a lesser offense is an included offense).

Thus, in the instant case, while it is true that assault with intent to inflict serious injury does not require proof of bodily injury, under the inherent relationship test assault causing bodily injury may be a lesser-included offense. This is because Iowa Code sections 708.2(1) and (2) both protect bodily integrity and, as the trial court stated, the facts of this case indicated that a jury could find the actions of the defendant did result in bodily injury.

Under the inherent relationship test, assault causing bodily injury is a lesser-included offense of assault with intent to commit serious injury, the question remains whether, under the evidence, the lesser offense is also factually included in the greater offense. *State v. Lampman*, 345 N.W.2d 142, 143 (Iowa 1984); *U.S. v. Johnson*, 637 F.2d 1224, 1241 (9th Cir. 1980). I determine it is.

There is competent evidence in the record from which a rational jury could find that the defendant was at the time of the commission of the alleged crime an inmate of Iowa State Penitentiary. When he was stopped and questioned by officers of the penal institution, he fought with them. In this respect, there is testimony from Officer Martin:

... [defendant] was kicking at both of us and throwing some punches, and at some point in there he struck Officer Snider.

\* \* \* \* \* \*

[Defendant] put both of his hands on my chest to push me away,.... Struck me with his elbow into my chin.... When he struck me in the chin I could feel pain....

\* \* \* \* \* \*

After he struck me and then we tried to subdue him he continued to struggle to try to hit us and kick at us,....

\* \* \* \* \* \*

I thought Officer Snider's injury was worse because he could not see out of his eye. I would rather have a cut than I would lose my eye.

There is also testimony from Officer Snider:

The lieutenant went down on the steps on his back and Swanson on top of him.... I peeled Swanson off the Lieutenant.... [Defendant] popped me in the chin with his hand.

\* \* \* \* \* \*

Q. When [defendant] hit you in the eye, did that hurt? A. Yes, it did.

Q. Was it painful to you? A. Yes, it was.

Q. Did it leave any marks on you? A. It left a small bruise like under my eye, ...

\* \* \* \* \* \*

Q. You couldn't see out of one of your eyes? A. Out of my left one, yes.

\* \* \* \* \* \*

Q. Did you receive any treatment for it? A. Yes, I went to the emergency room at the hospital.

The "inherent relationship" approach through its factual inquiry is decidedly practical. Ettinger, *In Search of a Reasoned Approach to the Lesser–Included Offense*, 50 Brooklyn L.Rev. 191, 208 (1984). "By forsaking the exclusive realm of theory, the results of the application of this standard are entirely grounded in, and unique to, the case before the court." *Id.* at 208. In that regard, it insures the fullest and fairest of hearings to the defendant. *Id.* at 208. For these reasons, I would affirm the trial court's decision by adopting the inherent relationship approach to identifying lesser-included offenses.