## A MINOR, APPELLANT, v. MINERAL COUNTY JUVENILE DEPARTMENT, RESPONDENT.

Nos. 10264 and 10265

March 22, 1979                                   592 P.2d 172

*Norman Y. Herring*, Nevada State Public Defender, and *J. Thomas Susich*, Chief Deputy Attorney General, Carson City, for Appellant.

*Larry Bettis*, District Attorney, and *John S. Hill*, Deputy District Attorney, Mineral County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Two errors are assigned. First, that one may not be found guilty of aiding and abetting a crime without his principal first being convicted. Second, that their convictions were obtained through uncorroborated accomplice testimony in violation of NRS 175.291(1).

It is not necessary first to prove guilt of the principal. State v. Cushing, 61 Nev. 132, 120 P.2d 208 (1941). The common law which required the prior conviction of the principal has been abrogated, and the common law distinctions between principals of the first and second degree and accessories before the fact abolished by statute. NRS 195.020. The first claim of error is without substance.

The juvenile hearing apparently was not reported, and the parties, in lieu thereof, have prepared and signed an agreed statement. NRAP 10(e). Unfortunately, the agreed statement does not touch upon the second assignment of error—whether their convictions were obtained through uncorroborated accomplice testimony. The evidence, if any, in regard to corroboration, is not therein contained. Consequently, we are unable to evaluate this claim of error from the record tendered to us.

Moreover, we note that the respondent's brief does not answer this assignment of error. It is silent on the point. We elect to treat this failure to respond as a confession of error. NRAP 31(c); Moore v. State, 93 Nev. 645, 572 P.2d 216 (1977). Accordingly, the orders declaring the appellants to be delinquent are set aside, and the cases are remanded to the district court.

GUNDERSON and BATJER, JJ., concur.

MANOUKIAN, J., with whom MOWBRAY, C. J., concurs:

I agree with the majority's holding that "it is not necessary first to prove guilt of the principal" to convict for aiding and abetting. State v. Cushing, 61 Nev. 132, 120 P.2d 208 (1941).

However, because the proceedings below were not reported, the court is unable to determine whether the convictions were obtained through uncorroborated accomplice testimony. NRS 175.291(1). Accordingly, the majority finds it necessary to vacate the delinquency adjudications and remand to district court for an amendment or supplementation of the agreed statement, a partial rehearing on the merits, or a hearing *de novo*.

In my view, the majority does not go far enough concerning the exercise of the trial judge's discretion to record juvenile court proceedings given this opportunity to provide such guidance and rectify a situation which occurs in our juvenile courts more frequently than my brethren are aware. If the arguments against having a record are that it increases the formality of the proceedings, adds personnel and calls for an incremental increase in the local judiciary's budget (Note, Juvenile Delinquents: The Police, State Courts, and Individualized Justice, 79 Harv.L.Rev. 775 (1966)), the contentions can in large part be met by the recommendation in the Standard Court Act that mechanical recordings be used. Although NRS 62.193(1) provides that juvenile court proceedings are not criminal in nature, that "the hearing may be conducted in an informal manner," and that "stenographic notes or other transcript of the hearing shall be required only if the court so orders," if the charged juvenile has a *significant prior history of delinquency,* or the petition charges a *serious act of delinquency,* or *protracted detention or confinement might probably follow* a finding of delinquency, then it should be incumbent on the judicial officer to order that the adjudicatory and dispositional proceedings be stenographically or mechanically reported. In our larger judicial districts court stenographers are invariably available for such purposes and in most of our rural districts, calendar management can often operate to have a reporter present.

In re Gault, 387 U.S. 1 (1967), and its progeny, have clothed juvenile offenders with a panoply of legal and constitutional rights to which adult accuseds are entitled. In addition, our legislature has enacted many laws which have the effect of placing those charged in juvenile court on more of a parity with adult accuseds. See, for example, NRS 62.193(2), requiring that juveniles be advised of their rights at their initial appearance and be provided an opportunity to answer the charges; NRS 62.193(4), providing that the standard of proof is beyond

a reasonable doubt; NRS 62.193(5), providing for confrontation of witnesses; NRS 62.195, extending the right to counsel, the power to subpoena witnesses, and the prohibition against double jeopardy; NRS 62.280 creating the right of appeal to the state supreme court. Given this plethora of procedural safeguards and the possibility of what amount to criminal sanctions which may be imposed on juvenile offenders, the view that procedural rights need not be provided to juveniles because the proceedings are not "criminal," is merely a legal fiction. See In re Holmes, 109 A.2d 523 (Pa. 1954), cert. denied, 348 U.S. 973; In re Contreras, 241 P.2d 631 (Cal.App. 1952).

While appellate review of juvenile court decisions is not constitutionally mandated, see, for example, McKane v. Durston, 153 U.S. 684 (1893), the legislature in NRS 62.280 has provided the right of appeal to this court in the same manner as appeals in civil cases. Since appellate review is authorized, in order for that review to be meaningful, there should be a record. A record insures a healthy atmosphere of accountability. As the present case illustrates, the consequence of a failure to report the proceedings may result in a duplicity of proceedings, including a possible second appeal, and the inevitable increase in judicial expenditures.

I would not hold that a stenographer's transcript is required in every case. A particular case may not justify the expense, or another means of insuring adequate appellate review might be utilized. See NRAP 10(e). Subject to the guidelines herein proposed, the decision whether to make a transcript or other recording would continue to be a matter committed to the sound discretion of the juvenile court.

I concur in the vacation of judgments and remand.