A MINOR, Appellant, v. JUVENILE DEPARTMENT
FOURTH JUDICIAL DISTRICT COURT, Respondent.

No. 11667

March 31, 1980                                    608 P.2d 509

*Thomas L. Stringfield,* District Attorney, and *Richard F. Jost,* Deputy District Attorney, Elko County, for Respondent.

## OPINION

By the Court, Mowbray, C. J.:

A minor appeals from the judgment of the juvenile division of the district court finding him a juvenile delinquent. We affirm.

In July, 1978, appellant, and S. and P.,[1] friends of appellant

[1] We shall refer to these juveniles by their initials. *See* NRS 62.275(1).

and also juveniles, discussed a plan to commit a burglary at the McDonald's fast food restaurant in Elko. Appellant was night manager at the restaurant. He had the key to the building and the combination to the safe. An adult, Rice, was also involved in the plan to commit the burglary. It was finally agreed that appellant would furnish the key to the building and the combination to the safe; Rice and S. would actually commit the burglary. The burglary was then committed. S. and P., using loot taken in the burglary, went to Boise, Idaho, and purchased drugs from P.'s brother. Upon their return, they were arrested. S., who was on probation, made a complete confession, implicating appellant. A petition was filed by the investigating officer under the Juvenile Court act, accusing appellant of aiding and abetting the burglary. After a hearing at which P., S., and the investigating officer testified, the juvenile court judge found that S. was an accomplice, and that his testimony was sufficiently corroborated by that of P., whom the court held not to be an accomplice. The juvenile court then found that appellant had committed the acts, which would be crimes if committed by an adult, and adjudged appellant a juvenile delinquent. The minor appeals.

The juvenile court judge held that the accomplice corroboration requirement, NRS 175.291,[2] was applicable to juvenile proceedings. We agree. See A Minor v. Mineral Co. Juvenile Dep't., 95 Nev. 248, 592 P.2d 172 (1979). Although NRS 175.291 by its terms forbids only "convictions" upon uncorroborated accomplice testimony, this Court has not interpreted this language mechanically; we have held the corroboration requirement applicable also at preliminary examinations. In re Oxley and Mulvaney, 38 Nev. 379, 149 P. 992 (1915).

Our statute requires "a finding on proof beyond a reasonable doubt, based upon *competent,* material and relevant evidence, that a child has committed the acts by reason of which he is alleged to be delinquent," NRS 62.193(4) (emphasis supplied). Respondent's argument that the corroboration requirement should not be applied in juvenile proceedings is inconsistent with Breed v. Jones, 421 U.S. 519, 529 (1975); *see*

[2]NRS 175.291 provides:

1. A conviction shall not be had on the testimony of an accomplice unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient if it merely shows the commission of the offense or the circumstances thereof.

2. An accomplice is hereby defined as one who is liable to prosecution, for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

*also* In re Two Minor Children, 95 Nev. 225, 592 P.2d 166 (1979). We hold, in agreement with the learned judge below, that the accomplice corroboration requirement, NRS 175.291, does apply to proceedings wherein minors are adjudged juvenile delinquents. *Compare, e.g.,* T.L.T. v. State, 212 S.E.2d 650 (Ga. 1975); In re M., 357 N.Y.S.2d 331 (App.Div. 1974), *with* In re Wooten, 284 A.2d 32 (Md.Ct.Spec.App. 1971).

Appellant also suggests that the juvenile court judge erred in ruling that the witness P. was not an accomplice, thereby permitting P.'s testimony to corroborate that of S., an admitted accomplice. The question of complicity is for the trier of fact to determine. State v. Carey, 34 Nev. 309, 122 P. 868 (1912). While there is conflicting testimony in the record, there is substantial testimony therein to support the juvenile court's finding that P. did not "unite . . . in the commission of the crime," State v. Verganadis, 50 Nev. 1, 10, 248 P. 900, 903 (1926), within the meaning of the statute defining principals, NRS 195.020. Therefore, we shall not disturb that finding on review.

The order of the juvenile division of the district court adjudging appellant a juvenile delinquent is affirmed.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.