A MINOR, Appellant, v. JUVENILE DEPARTMENT FOURTH JUDICIAL DISTRICT COURT, Respondent.

No. 11667

June 4, 1980                                                 611 P.2d 624

*Puccinelli & Puccinelli,* Elko, for Appellant.

*Thomas L. Stringfield,* District Attorney, Elko County, and *Richard F. Jost,* Deputy, for Respondent.

**OPINION ON REHEARING**

*Per Curiam:*

In A Minor v. Juvenile Department, 96 Nev. 332, 608 P.2d 509 (1980), we held that the accomplice corroboration rule was applicable to juvenile delinquency proceedings. Rehearing was granted for the limited purpose of deciding whether that application is foreclosed by NRS 169.025.[1]

---

[1]NRS 169.025 provides:

"This Title [which includes NRS 175.291, a statutory statement of the

The Legislature has dictated, by enacting NRS 169.025, that our criminal procedure statutes, such as NRS 175.291, are not *required* to be observed in juvenile proceedings. Manifestly, the Legislature has not forbidden their application to juvenile matters. The Legislature has declared, in NRS 62.193(4) and (5), that an adjudication of juvenile delinquency may only be based upon competent, material, relevant, and probative evidence. In our previous decision in this case, we held only that the accomplice corroboration rule was incorporated in the general evidentiary standards imposed by NRS 62.193(4) and (5), independent of the operation of NRS 175.291. Our decision was not foreclosed by NRS 169.025. Nor have we been presented with any compelling reason to alter our previous opinion.[2]

Accordingly, we adhere to our previous decision in this case, as clarified here, and affirm the judgment of the district court.[3]

accomplice corroboration rule] governs the procedure in the courts of the State of Nevada and before magistrates in all criminal proceedings, but does not apply to proceedings against children under Chapter 62 of NRS."

[2]We specifically reject the contrary result reached by one of our sister states. *See* In re Mitchell P., 587 P.2d 1144 (Cal. 1978).

[3]Thus we have no occasion to reach the constitutional question of whether declining to require corroboration of accomplice testimony in juvenile proceedings would be a denial of equal protection. *See* Breed v. Jones, 421 U.S. 519 (1975).