In the Interest of Terry Allan DUGAN, A Child, Appellant.

No. 68390.

Supreme Court of Iowa.

May 18, 1983.

Larry F. Woods, Oelwein, for appellant.

Thomas J. Miller, Atty. Gen., Brent D. Hege, Asst. Atty. Gen., and John W. Hofmeyer, III, Asst. County Atty., for appellee, the State of Iowa.

Before REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and SCHULTZ, JJ.

McGIVERIN, Justice.

This appeal arises from the juvenile court's adjudication that Terry Allan Dugan, a minor, committed the delinquent acts of second-degree burglary, Iowa Code §§ 713.1, .3, and second-degree theft, Iowa Code §§ 714.1(1), .2(2) (1981). The issues raised focus on (1) the extent of the "rehearing" before the juvenile judge provided by Iowa Code section 231.3 and (2) the rulings and findings of fact of the juvenile referee upon which the adjudication by the judge was based. We find no merit in the contentions raised by Dugan and affirm the adjudication that he committed the delinquent acts.

Although Dugan has had several run-ins with the law, this appeal arises from the burglary of the Jack Kice home in Oelwein on May 24, 1981. On May 23, two juveniles other than Dugan broke into the Kice residence. The Kices were out of town. The following evening Dugan and Brett Masek, one of the youths who had entered the residence the previous night, returned and entered the home through a door which had been unlocked the night before. They proceeded from room to room stuffing plastic garbage bags with various items, including a portable T.V., guns, silver dollars and foreign coins, which they took with them when they left the Kice residence. Kices had not consented to the entry or taking.

The State filed a petition in juvenile court within the district court alleging that Dugan had committed the delinquent acts of second-degree burglary and second-degree theft. The case was heard in the first instance by the juvenile referee. Iowa Code § 231.3.

Masek testified at Dugan's delinquency hearing regarding the burglary and theft. The referee found that Masek's testimony was sufficiently corroborated by the evidence of Richie Woods, who testified that Dugan and Masek had asked to store a T.V. in a plastic sack in his parents' shed.

The referee's findings of fact indicated that Dugan had violated Iowa Code sections 714.1(1) and 714.2(2) (second-degree theft by taking) and sections 713.1 and 713.3 (second-degree burglary). The juvenile court judge adopted the referee's findings of fact and adjudicated Dugan to have committed the two delinquent acts. Iowa Code § 231.3.

Dugan requested a rehearing and asserted that the "rehearing" provided in section 231.3 is required to be de novo rather than on the record made before the referee. At the time set for rehearing, the juvenile court judge reviewed the electronic recording tapes, Iowa Code § 232.94, of the record made before the juvenile referee and heard legal arguments. No additional evidence was admitted and the juvenile court ruled that the previous delinquency adjudication based on the referee's findings of fact was correct and supported by the record.

Dugan appeals. We review the findings of fact de novo. *In the Interest of Wheeler,* 229 N.W.2d 241, 243 (Iowa 1975).

I. *"Rehearing."* The initial issue before us is a matter of statutory construction. Dugan urges us to construe section 231.3 as requiring a de novo rehearing with evidence taken anew before the juvenile judge after the initial hearing before the referee. Among other qualifications, section 231.3 requires that the referee be a licensed attorney. Section 231.3 further provides in pertinent part:

> The parties to a proceeding heard before the referee shall be entitled to a rehearing by the judge of the juvenile court if requested within seven days after receiving notice of the findings of fact of the referee. . . .

The State says that a de novo rehearing would create double jeopardy problems, but Dugan contends that since he is the one requesting that the rehearing be de novo, no double jeopardy issues arise. In a narrow sense he is correct. There is no double jeopardy when the juvenile who excepts to the findings of a referee is given a de novo rehearing by a juvenile judge. *Swisher v. Brady,* 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978) (construing rule 911 of Maryland's Rules of Procedure). On the other hand, if the State is given a de

novo rehearing when it excepts to the referee's findings of facts, such a hearing results in double jeopardy to the juvenile, because the prosecution is given that forbidden "second crack." *Id.* at 215–16, 98 S.Ct. at 2706, 57 L.Ed.2d at 715.

■ With these principles in mind, we conclude that the legislature intended the rehearing provided in section 231.3 be a rehearing on the record made before the referee. This conclusion is mandated by the wording of the statute and the presumption that a statute is intended to be constitutional. Iowa Code § 4.4.

Unlike the Maryland rule which differentiates between the type of rehearing afforded a juvenile and the type afforded the prosecutor,[1] section 231.3 provides that *the parties* to a proceeding before the referee *shall be entitled to a rehearing.*" (Emphasis added.) No attempt has been made in the statute to distinguish the rehearing requested by the juvenile from that requested by the State. We, therefore, conclude that the rehearing before the juvenile court is intended by the legislature to be the same type of proceeding regardless of who requested it.

Consequently, section 231.3 is constitutional only if the "rehearing" is a rehearing on the record made before the referee. If we were to adopt Dugan's contrary construction of the word "rehearing," the prosecution would be given the forbidden "second crack" and the statute would be rendered unconstitutional. *Swisher,* 438 U.S. at 215–16, 98 S.Ct. at 2706, 57 L.Ed.2d at 715. As a result, we presume that in providing the same type of rehearing for all parties, the legislature intended that the rehearing be on the evidentiary record made before the referee, who is a licensed attorney with qualifications similar to the juvenile judge.

The remainder of the issues raised by Dugan deal with the rulings and findings of fact upon which the adjudication as to the commission of delinquent acts was based.

II. *Corroborative evidence.* The State agrees with Dugan that in juvenile delin-

---

1. Rule 911 of Maryland's Rules of Procedure (1977) provides:

a. *Authority* [¶] 1. Detention or Shelter Care. [¶] A master is authorized to order detention or shelter care in accordance with Rule 912 (Detention or Shelter Care) subject to an immediate review by a judge if requested by any party. [¶] 2. Other Matters [¶] A master is authorized to hear any cases and matters assigned to him by the court, except a hearing on a waiver petition. The findings, conclusions and recommendations of a master do not constitute orders or final action of the court. [¶] b. *Report of the Court.* [¶] Within ten days following the conclusion of a disposition hearing by a master, he shall transmit to the judge the entire file in the case, together with a written report of his proposed findings of fact, conclusions of law, recommendations and proposed orders with respect to adjudication and disposition. A copy of his report and proposed order shall be served upon each party as provided by Rule 306 (Service of Pleadings and Other Papers). [¶] c. *Review by Court if Exceptions Filed.* [¶] Any party may file exceptions to the master's proposed findings, conclusions, recommendations or proposed orders. Exceptions shall be in writing, filed with the clerk within five days after the master's report is served upon the party, and shall specify those items to which the party excepts, and whether the hearing is to be *de novo* or on the record. A copy shall be served upon all other parties pursuant to Rule 306 (Service of Pleadings and Other Papers). [¶] Upon the filing of exceptions, a prompt hearing shall be scheduled on the exceptions. An excepting party other than the State may elect a hearing *de novo* or a hearing on the record. If the State is the excepting party, the hearing shall be on the record, supplemented by such additional evidence as the judge considers relevant and to which the parties raise no objections. In either case the hearing shall be limited to those matters to which exceptions have been taken. [¶] d. *Review by Court in Absence of Exceptions.* [¶] In the absence of timely and proper exceptions, the master's proposed findings of fact, conclusions of law and recommendations may be adopted by the court and the proposed or other appropriate orders may be entered based on them. The court may remand the case to the master for further hearings, or may, on its own motion, schedule and conduct a further hearing supplemented by such additional evidence as the court considers relevant and to which the parties raise no objection. Action by the court under this section shall be taken within two days after the expiration of the time for filing exceptions.

**304**

quency proceedings the testimony of an accomplice must be corroborated. The point of contention is whether the State introduced sufficient evidence to satisfy Iowa R.Crim.P. 20(3) ("A conviction cannot be had upon the testimony of an accomplice ... unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense....").

■ We address the applicability of rule 20(3) before considering the merits of Dugan's argument. Based on *In the Interest of Harrell,* 309 N.W.2d 896 (Iowa Ct.App. 1981), the parties say that rule 20(3) is a rule of evidence and therefore is applicable to juvenile delinquency proceedings by virtue of Iowa Code section 232.47(5).

Section 232.47(5) provides:

Only evidence which is admissible under the rules of evidence applicable to the trial of criminal cases shall be admitted at the hearing except as otherwise provided by this section.

This section clearly deals with the admissibility of evidence. Therefore, we conclude that the term "rules of evidence" is best construed as "[r]ules of court which govern the admissibility of evidence at trials and hearings; e.g. Federal Rules of Evidence...." *Black's Law Dictionary* 1197 (rev. 5th ed. 1979).

Rule 20(3) is not a rule governing the admissibility of evidence. It is a rule concerning the sufficiency of the evidence and is invoked not when the evidence is admitted at trial, but when the defendant moves for a judgment of acquittal. To the extent that *Harrell* concludes that rule 20(3) is a rule of evidence, it is not controlling.

A requirement like that in rule 20(3), however, must be a part of adjudicatory proceedings to determine delinquency. While it is not necessary that juvenile proceedings conform with all requirements of a criminal trial, the hearing must measure up to the essentials of due process and fair

treatment. *Kent v. United States,* 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 97–98 (1966). We hold that the substance of the accomplice corroboration requirement of rule 20(3) must be satisfied when the court considers a motion to dismiss the juvenile petition under Iowa Code section 232.47(9). This is in accord with other states that have concluded that corroboration is necessary to ensure that juvenile proceedings comport with the essentials of due process and fair treatment. *T.L.T. v. State,* 133 Ga.App. 895, 899, 212 S.E.2d 650, 654 (1975) (corroboration of accomplice testimony in juvenile proceeding necessary "to give the accused the essence of a fair trial"); *see also In the Matter of the Welfare of D.S.,* 306 N.W.2d 882, 883 (Minn.1981) (criminal statute requiring corroboration of accomplice testimony applies in juvenile cases); ___, *A Minor v. Juvenile Department Fourth Judicial District Court,* 96 Nev. 332, 333–34, 608 P.2d 509, 510, on rehearing 96 Nev. 485, 611 P.2d 624 (1980) (criminal procedure statute which requires corroboration of accomplice testimony applies to juvenile delinquency proceedings).

B. Masek's testimony was corroborated by ten-year-old Richie Woods. The issue, therefore, turns on the sufficiency of Richie's corroboration.

Richie corroborated the following: Dugan and Masek were together on the night in question;[2] when Richie saw them together they had a T.V.; the T.V. was in a plastic garbage bag; they asked to leave it in Woods' shed; Masek told Richie it was his brother's video game; Richie determined it was a T.V. and would not let them put it in his parents' shed; and Masek and Dugan left the Woods residence still in possession of the T.V. Richie also testified that on the night in question Dugan said in substance "he wished that he didn't do that, or breakin or something like that."

**2.** Richie could not remember the exact date on which he had seen Dugan and Masek. But he did testify that he thought he had been approached by Masek and Dugan "right after school got out [for summer vacation] ... not

too long after." We find this sufficiently accurate to establish that Richie spoke to Masek and Dugan on the night of the May 24 burglary of the Kice residence.

■ The sufficiency of corroboration testimony is normally a question of fact. *State v. Horn,* 282 N.W. 717, 731 (Iowa 1979). In proceedings such as this we give weight to the fact findings of the juvenile court, but are not bound by them. *See* Iowa R.App.P. 14(f)(7). The juvenile court found that the testimony of Masek was sufficiently corroborated by the testimony of Richie. We agree.

■ The corroborative evidence need not be strong, nor must it confirm every material fact of the accomplice's testimony. *State v. Aldape,* 307 N.W.2d 32, 41 (Iowa 1981).

■ The juvenile court did not err in refusing to dismiss the delinquency petition for lack of sufficient corroborative evidence.

■ III. *Minutes of testimony.* The contents of the juvenile petition complied with the requirements of Iowa Code section 232.36.[3] Dugan, however, claims that the petition must also comply with Iowa R.Crim.P. 5(3) and state the name of each witness the State expects to use in support of the petition at the adjudicatory hearing and a full and fair statement of the witness' expected testimony. Dugan says that the minutes of testimony required in criminal trials, rule 5(3), are "rules of evidence" under section 232.47(5) and therefore are applicable to the juvenile hearing. Again, he has interpreted section 232.47(5) too broadly.

Although testimony not set forth in the minutes of testimony is excluded in a criminal trial, *State v. Olsen,* 293 N.W.2d 216, 220 (Iowa 1980), the reason for exclusion of such testimony is not because the rules of evidence exclude it. Rule 5(3) is a rule of notice.[4] The purpose of the minutes of testimony is "to alert [the criminal] defendant generally to the source and nature of the evidence against him." *State v. Walker,* 281 N.W.2d 612, 614 (Iowa 1979).

Section 232.47(5) deals only with rules of evidence; Dugan's argument that this section makes rule 5(3), a notice provision, applicable to juvenile delinquency proceedings is without merit.

Additionally, we note that Dugan's attorney had access to the prosecution's list of witnesses and their testimony; the county attorney's files were made available to counsel for the minor, but he did not avail himself of the opportunity. The provisions of chapter 232 strive to retain the advantage of informal proceedings in juvenile court, while providing adequate safeguards to ensure that the juvenile's fundamental rights to a fair hearing are guaranteed. *In the Interest of Long,* 313 N.W.2d 473, 479 (Iowa 1981) (CHINA proceeding). The informalities of the juvenile system are intended to benefit the juvenile. This goal is achieved only by the full cooperation and diligence of all parties involved.

■ IV. *Constitutional requirements for minutes of testimony.* On appeal Du-

---

3. Iowa Code § 232.36 requires that the following be set forth in a juvenile petition:

　1. The petition and subsequent court documents shall be entitled "In the interests of ..., a child."

　2. The petition shall be verified and any statements in the petition may be made upon information and belief.

　3. The petition shall set forth plainly:

　a. The name, age, and residence of the child who is the subject of the petition.

　b. The names and residences of any:

　(1) Living parent of the child.

　(2) Guardian of the child.

　(3) Legal custodian of the child.

　(4) Guardian ad litem.

　c. With reasonable particularity, the time, place and manner of the delinquent act al-

leged and the penal law allegedly violated by such act.

　4. If any of the facts required under subsection 3, paragraphs "a" and "b" are not known by the petitioner, the petition shall so state.

　5. The petition shall set forth plainly the nearest known relative of the child if no parent or guardian can be found.

4. The notice requirements in delinquency proceedings were set forth by the Supreme Court in *In the Matter of the Application of Gault,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). The delinquency petition requirements set out by section 232.36, and as used in this proceeding, comply with the notice provisions in *Gault.*

gan also argues that due process and equal protection require that minutes of testimony be attached to delinquency petitions. Because Dugan raises this argument for the first time on appeal, it is not properly before this court and we do not consider it. *Fryer v. State,* 325 N.W.2d 400, 405 (Iowa 1982) ("Even issues of constitutional magnitude will not be addressed if not presented in the trial court.").

■■■ V. *Lesser included offense.* Dugan's last contention is that the finding that he violated sections 714.1(1) and 714.2(2)—second-degree theft by taking—and sections 713.1 and 713.2—second-degree burglary—subjects him to double jeopardy because theft is a lesser included offense in burglary. This contention is without merit.

In *State v. Wales,* 325 N.W.2d 87, 88 (Iowa 1982), we reiterated our long-established principles for deciding if one offense is included in another:

> The standards for determining when an offense is included in another are the same now as when [*State v. Furnald,* 263 N.W.2d 751 (Iowa 1978)] was decided. The principles applied there apply here. Two tests must be satisfied:

>> The first is the legal or element test. The lesser offense must be composed *solely* of some but not all elements of the greater crime. The second, "factual" test is an ad hoc determination whether there is a factual basis in the record for submitting the included offense to the jury. *Furnald,* 263 N.W.2d at 752.

> To satisfy the legal test, the minor offense must be an elementary part of the major offense. *Id.* The lesser offense is necessarily included in the greater offense if it is impossible to commit the greater without also committing the lesser. *State v. Redmon,* 244 N.W.2d 792, 801 (Iowa 1976).

> .    .    .    .    .

> The elements of an offense are determined by the statute defining it rather than by the charge or the evidence. *Redmon,* 244 N.W.2d at 801. When the stat-

ute defines an offense alternatively, the relevant definition is the one for the offense involved in the particular prosecution. *State v. Young,* 293 N.W.2d 5, 7 (Iowa 1980); *Furnald,* 263 N.W.2d at 754.

In the present case, the delinquency petition alleged that Dugan had committed various delinquent acts in violation of sections 714.1(1) (theft by taking), 714.1(4) (theft by exercising control), 714.2(3) (third-degree theft), 714.2(2) (second-degree theft), 713.1 and .3 (second-degree burglary). Two of the theft charges relating to other incidents were dismissed. The referee's findings that Dugan had committed the delinquent acts of second-degree theft by taking and second-degree burglary in regard to the Kice property, were based on a paragraph in the delinquency petition which alleged both theft by taking and theft by exercising control.

In *Wales,* 325 N.W.2d at 89, we explained that if the State elects to use only part of a statute in charging a public offense, then what the State charges is the statute for that case. Applying this principle to the present case, we note additionally that we consider only those charges which actually were presented to the fact finder; charges which were dismissed are not considered.

Burglary is defined in section 713.1 as follows:

> Any person, having the intent to commit a felony, assault or theft therein, who, having no right, license or privilege to do so, enters an occupied structure or area enclosed in such a manner as to provide a place for the keeping of valuable property secure from theft or criminal mischief, such occupied structure or place not being open to the public, or who remains therein after it is closed to the public or after the person's right, license or privilege to be there has expired, or any person having such an intent who breaks an occupied structure or other place where anything of value is kept, commits burglary.

Theft by taking is defined in section 714.1(1) as

[taking] possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof.

Theft by exercising control is defined in section 714.1(4) as

[exercising] control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen. . . .

Dugan's assertion that theft is a lesser included offense in burglary fails to satisfy the first step of the test—the legal element test—if theft includes an additional element which burglary does not require. *Cf. State v. Holmes*, 276 N.W.2d 823, 825 (Iowa 1979) (theft not included in robbery because theft includes the element of taking, while robbery does not).

In the present case, the necessary elements of burglary were 1) an unpermitted entry and 2) an *intent* to commit a theft. In order to actually commit a theft, however, an element foreign to burglary is required: either a taking must occur, Iowa Code § 714.1(1), or control must be exercised over stolen property. Iowa Code § 714.1(4). Burglary does not require that a theft by taking or a theft by exercising control over property actually occur. Therefore, theft, in this case, is not a lesser included offense in burglary.

In sum, we have considered all of Dugan's contentions properly before us and find them to be without merit. The juvenile court did not err in finding and adjudicating that Dugan committed two delinquent acts: second-degree theft and second-degree burglary.

AFFIRMED.