**STATE of Iowa, Plaintiff-Appellee,**

v.

**Joseph Edward HILL, Defendant-Appellant.**

No. 84–308.

Court of Appeals of Iowa.

Dec. 26, 1984.

Charles Harrington, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and Steven K. Hansen, Asst. Atty. Gen., for plaintiff-appellee.

Heard by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

DONIELSON, Presiding Judge.

Defendant appeals from his convictions and sentences for going armed with intent and for unauthorized possession of an offensive weapon. He contends that 1) his convictions and sentences for both crimes subjected him to double jeopardy and violated Iowa Code section 701.9; and 2) the sentencing court erred in imposing a mandatory five-year sentence pursuant to Iowa Code section 902.7. We vacate the sentence and remand for resentencing.

After a jury trial, Joseph Hill was found guilty of going armed with intent, a violation of Iowa Code section 708.8, and unau-

thorized possession of an offensive weapon, a violation of Iowa Code section 724.3. Both charges arose from the same set of facts.

The sentencing court imposed two consecutive prison terms, each not to exceed five years. The sentencing court also directed a five-year minimum term of confinement pursuant to Iowa Code section 902.7; that statute provides for a mandatory minimum term of five years for a person convicted of a forcible felony involving a firearm.

The defendant's first assignment of error is premised on the argument that the charge of possessing an offensive weapon is legally and factually a lesser-included offense of the charge of going armed with intent. He claims that his convictions and sentences for both these crimes subjected him to double jeopardy and also violated Iowa Code section 701.9 which prohibits conviction of lesser-included offenses. We cannot agree with defendant's claim.

The standards for determining whether one offense is included in another involve both a legal and factual test. *State v. Sangster*, 299 N.W.2d 661, 663 (Iowa 1980). The legal test has been stated as follows:

> To pass the legal or element prong of our test for lesser included offenses, the lesser offense must be composed *solely* of some but not all elements of the greater crime. *State v. Wales*, 325 N.W.2d 87, 88 (Iowa 1982). The lesser offense necessarily is included in the greater offense if it is impossible to commit the greater offense without also committing the lesser.

*State v. Aswegan*, 331 N.W.2d 93, 97 (Iowa 1983). In *State v. Goff*, the supreme court elaborated on this test:

> Ultimately, ... the determinative question under the legal test is whether the greater offense cannot be committed without committing the lesser offense. (citations omitted) If the greater offense cannot be committed without committing the lesser offense, the lesser offense is a legally included offense. On the con-

trary, *if the greater offense can be committed without committing the lesser offense, the lesser offense is not legally an included offense.*

342 N.W.2d 830, 835 (Iowa 1983) (emphasis added).

Application of the legal test reveals that possession of an offensive weapon is not a lesser-included offense of going armed with intent. The elements of going armed with intent are 1) going armed, 2) with a *dangerous weapon,* and 3) intent to use the weapon against another. Iowa Code § 708.8 (1983). The elements of unauthorized possession of an offensive weapon are 1) knowing, 2) possession, 3) of an *offensive weapon.* Iowa Code § 724.3 (1983).

It is evident that the statutory definition of the greater offense does not include "offensive weapons" as a necessary element. Rather it requires a "dangerous weapon" which by definition includes *but is not limited to* an "offensive weapon." *See* Iowa Code § 702.7 (1983). For example, a dagger, razor, stiletto, or knife having a blade of three inches or longer would be considered a dangerous weapon. Yet none of these weapons are offensive weapons. *See* Iowa Code §§ 702.7, 724.1 (1983). Thus, a person armed with a knife and intending to use the weapon against another person would violate section 708.8 (going with armed intent), but would not violate section 724.3 (unauthorized possession of an offensive weapon).

Since it is possible to commit the crime of going armed with intent without committing the crime of unauthorized possession of an offensive weapon, under the standards set forth in *Goff,* defendant's claim must fail. It is irrelevant that in the case at bar the "dangerous weapon" (a sawed-off shotgun) was also an "offensive weapon." The test set forth in *Goff* depends on the statutory definitions of the offenses rather than the facts of the particular case. Accordingly, we affirm the trial court in this respect.

■   Defendant also argues that the trial court erred in imposing the five-year minimum term of confinement pursuant to Iowa Code section 902.7 (minimum sentence—use of a firearm). The State does not dispute this claim.

In order for section 902.7 to apply, "... the trier of fact must find beyond a reasonable doubt that a person is guilty of a forcible felony and that the person represented he or she possessed a firearm ...." *State v. Matlock,* 289 N.W.2d 625, 629 (Iowa 1980). The section is inapplicable in this case since neither offense involved is a forcible felony. We therefore vacate the sentence and remand for resentencing.

SENTENCE VACATED AND RE-MANDED FOR RESENTENCING.