# IN THE COURT OF APPEALS OF IOWA

No. 14-2077
Filed February 24, 2016

**BRANDON MICHAEL HARRIS,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Marshall County, James C. Ellefson, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Jennifer J. Bonzer of Johnson and Bonzer, Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Brandon Harris appeals the district court's denial of his application for postconviction relief (PCR). Harris pled guilty to multiple offenses arising out of four different trial informations, and in exchange, he received a sentence of time served in one case and a suspended nineteen-year sentence[1] with five years' probation and placement at a residential facility for the other three cases. After his probation was revoked and his suspended sentence imposed, he filed a PCR application alleging his trial attorney was ineffective in a number of ways. With the exception of granting Harris's request to merge two offenses, the district court denied the PCR application.

Harris appeals, claiming trial counsel was ineffective in not investigating a diminished capacity defense based on his assertion that he was diagnosed with posttraumatic stress disorder and was not taking his medication at the time of the commission of the offenses. After hearing Harris's recitation of various time frames when he had been on various medications, the district court found Harris was "not a reliable witness on the topic of his use of medications." The district court then rejected Harris's claim, concluding:

> No evidence was offered that the defendant being off of his medications might give rise to a diminished capacity defense. *See Lamasters v. State*, 821 N.W.2d 856, 869 (Iowa 2012). Two experienced criminal defense lawyers saw nothing to alert either one of them to the possibility of diminished capacity. The applicant's mother and sister were in regular contact with defense counsel, but neither of them raised the issue. Under the circumstances, the failure of the attorneys to investigate a

---

[1] This sentence was reduced to seventeen years as a result of the PCR proceeding because the district court determined two offenses should have merged. This part of the PCR court's decision is not appealed.

diminished capacity defense was not ineffective assistance of counsel.

Upon our de novo review of the record, we agree with the district court's conclusion that Harris failed to prove either a breach of a duty or prejudice based on his claim that his trial attorneys failed to investigate a diminished capacity defense. *See Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012) (noting our standard of review and the applicant's burden of proof in ineffective-assistance cases).

Next, Harris claims his trial counsel was ineffective for allowing him to plead guilty without doing a proper investigation into the facts of the case and the applicable law. He claims there are "a plethora" of successful defenses in the record, including a lack of proof that Harris had the intent to shoot a gun (for the going-armed-with-intent conviction), proof that he was living at the address he allegedly burglarized, a lack of probable cause to stop his vehicle in which stolen property was found, and the fact the witnesses' testimony was conflicting. The State points out this claim was not presented to the PCR court, and as a result, it is not preserved for our review. However, Harris asserts, in the event we find this claim not preserved, his PCR counsel was ineffective in not presenting it to the PCR court. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010) ("Ineffective-assistance-of-counsel claims are an exception to the traditional error-preservation rules."); *Dunbar v. State*, 515 N.W.2d 12, 14-15 (Iowa 1994) (noting an applicant has a statutory right to the effective assistance of postconviction-relief counsel). Thus, we will address it on its merits.

Harris was represented by two different public defenders, and he claims the second attorney reported spending only six hours total on the four cases. Harris asserts this was insufficient time[2] for the attorney to properly investigate and research the cases that involved four incidents with thirteen total charges. Upon our review of the record, we note the first attorney conducted discovery, including taking depositions, and received a plea offer from the State that (1) cut the total number of charges from thirteen to eight, (2) significantly reduced the gravity of some of the counts, (3) shrunk the potential incarceration time from a potential of over seventy years to nineteen years, and (4) permitted Harris to be immediately released on probation by giving him credit for time served on three counts and a suspended sentence on the other five counts. By the time the first attorney withdrew and the second attorney entered his appearance, the plea offer was on the table giving Harris exactly what he wanted, which was to be released on probation. Thus, Harris cannot establish that had counsel spent more time reviewing the law and facts of the case Harris would not have pled guilty and would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d

---

[2] We also note the district court found, and we agree, public defenders often underreport the amount of time they spend on their clients' files:

> The public defenders in this case did not keep track of their time with the same diligence that private practitioners use, at least theoretically. Private practitioners are dependent upon keeping track of their time and billing it in order to have an income. Lawyers in the public defender's office are salaried and do not have that motivation. They also have the concern that their client will be required to reimburse the State for the time that the lawyers bill, at least up to certain limits. In brief, the lawyers' statements of time are imprecise at best and prepared with a bias in favor of the client not being required to pay more than is necessary. The files in these cases, the transcripts of the depositions and the transcripts of the plea and sentencing hearings support a finding that the attorneys' statements of time understated the amount of time they spent.

128, 138 (Iowa 2006) ("[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial.").

Finally, Harris claims his trial counsel was ineffective in not filing a motion in arrest of judgment challenging his plea to one of the counts—going armed with intent—because Harris asserts there was no factual basis to support the conclusion that he intended to fire the gun. Again, this claim was not presented to the PCR court, but Harris raises it through the tunnel of ineffective assistance of PCR counsel. Therefore, we will address the merits.

In order for a court to accept a guilty plea, there must be a factual basis to support the charge. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) ("Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge."). We examine the entire record before the district court at the plea hearing to determine whether there is a factual basis. *Id.* ("Recourse to the entire record is appropriate because, unlike a claim of due process involuntariness, the relevant inquiry for purposes of determining the Sixth Amendment claim presented by [the defendant] does not involve an examination of his subjective state of mind at the time the trial court accepted the plea, but instead involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record.").

During the plea colloquy between Harris and the court for the going-armed-with-intent charge, the court asked:

> THE COURT: Okay. So with respect to this one on October 13th, the charge is that you went armed with a dangerous weapon with the intent to use it to assault Juan Carlos's brother.
> THE DEFENDANT: Ricardo.
> THE COURT: Does that ring a bell?
> THE DEFENDANT: Yes.
> THE COURT: Well, was that the fellow you went armed with an AK-47?
> THE DEFENDANT: Yes.
> THE COURT: All right. So the dangerous weapon was an AK-47. The other person was Juan Carlos's brother. It occurred in Marshall County on October 13th and you went armed with that weapon with the intent to assault Juan Carlos's brother and you didn't have justification to do that; is that correct?
> THE DEFENDANT: Yes.
> THE COURT: All right.

In addition, the minutes of testimony for this charge provided the gun in question had both a loaded and an unloaded magazine. Harris chose the loaded magazine and ran out to the car Ricardo was driving. He stuck the AK-47 through the window at Ricardo and racked the gun. He threatened Ricardo's life and the life of Ricardo's family. Ricardo was able to leave the area without shots being fired. Based on the minutes of testimony in addition to the plea colloquy, we determine there was a factual basis to support the intent element of the conviction for going armed with intent. *See State v. Hill*, 363 N.W.2d 599, 601 (Iowa Ct. App. 1984) ("The elements of going armed with intent are (1) going armed, (2) with a dangerous weapon, and (3) intent to use the weapon against another."); *see also* Iowa Code § 708.8 (2009). Because a factual basis supports Harris's guilty plea to going armed with intent, trial counsel was not ineffective in failing to file a motion in arrest of judgment, and PCR counsel was not ineffective

in failing to present this claim to the PCR court. *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[W]e have held that counsel has no duty to raise an issue that has no merit.").

We affirm the district court's denial of Harris's PCR application.

**AFFIRMED.**